UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>WALDEN W. O'DELL,<br><br>Defendant. | CIVIL ACTION NO. **10 0909**<br><br>**FILED**<br><br>JUN 14 2010<br><br>Clerk, U.S. District & Bankruptcy Courts for the District of Columbia |

**FINAL JUDGMENT AS TO DEFENDANT WALDEN W. O'DELL**

The Securities and Exchange Commission having filed a Complaint and Defendant Walden W. O'Dell ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant reimburse Diebold, Inc. ("Diebold") for $470,016 in cash bonuses, 30,000 shares of Diebold stock, and stock options for 85,000 shares of Diebold stock, pursuant to Section 304 of the Sarbanes-Oxley Act, 15 U.S.C. § 7243. Defendant shall satisfy his reimbursement obligation to Diebold by (1) surrendering to Diebold 30,000 shares of Diebold stock and the options for 85,000 shares of Diebold stock within fourteen (14) days after entry of this Final Judgment, and (2) paying to Diebold $470,016 within twelve (12) months after entry of this Final Judgment. Defendant shall

deliver to counsel for Plaintiff Securities and Exchange Commission proof of satisfying this reimbursement obligation.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IV.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: June 14, 2010

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE COMMISSION,
100 F St NE
Washington, DC 20549         Plaintiff,

v.

WALDEN W. O'DELL,

                              Defendant.

CIVIL ACTION NO. 10 0909

## CONSENT OF DEFENDANT WALDEN W. O'DELL

1. Defendant Walden W. O'Dell ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things, orders Defendant to reimburse Diebold, Inc. ("Diebold") for $470,016 in cash bonuses, 30,000 shares of Diebold stock, and stock options for 85,000 shares of Diebold stock, pursuant to Section 304 of the Sarbanes-Oxley Act, 15 U.S.C. § 7243.

3. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

1

4. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

5. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

6. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

7. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

8. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

9. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.

10. Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

11. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

12. Defendant acknowledges the Commission's position that a public company's agreement to indemnify a person against liability for payments under Section 304 of the Sarbanes-Oxley Act of 2002 [15 U.S.C. § 7243] violates public policy and agrees not to seek indemnification from the company for the payments required by the Final Judgment.

13. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

14. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15.  Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: *March 18, 2010*  

_____
Walden W. O'Dell

On *March 18*, 2010, *Walden W. O'Dell*, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public  *Vivian Tobias*
Commission expires: 11/19/12
State of Hawaii
County of Hawaii

Approved as to form:

*Joshua Hochberg*, 3/29/10
_____
Joshua Hochberg
McKenna Long & Aldridge LLP
Attorney for Defendant



NOTARY CERTIFICATION
Doc. Date: 3-18-10   # Pages: 5
Name: Vivian Tobias   Third Circuit
Doc. Description:
Consent of Defendant - O'Dell
Signature
3 18 10
Date